STATE OF TENNESSEE )
DEPARTMENT OF CHILDREN'S )
SERVICES, )
)  Appeal No.
          Plaintiff, )  01A01-9809-JV-00460
)
v. )
)  Davidson Juvenile
REBECCA PHILLIPS, )
)
          Defendant, )
)
IN THE MATTER OF: KELLY )
GOOCH, LULA GOOCH, AND LORI )
PHILLIPS, CHILDREN UNDER THE )
AGE OF 18 YEARS. )

FILED

July 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE JUVENILE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ANDREW J. SHOOKOFF, JUDGE


KATHLEEN G. MORRIS
P.O. Box 128091
Nashville, Tennessee  37212
          Attorney for Defendant

PAUL G. SUMMERS, Attorney General and Reporter and
DOUGLAS EARL DIMOND, Assistant Attorney General,
General Civil Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, Tennessee 37243-0699
          Attorney for Plaintiff


AFFIRMED AND REMANDED



HERSCHEL P. FRANKS, JUDGE



CONCUR:
GODDARD, P.J.
SUSANO, J.

O P I N I O N

On petition of the Department of Childrens Services, the Trial Court terminated the parental rights of Rebecca Ruth Phillips for her three minor children, Kelly Louis Gooch, Lula May Gooch, and Lori Ann Phillips. The mother has appealed.

Following an evidentiary hearing, the Trial Court found:

Ms. Phillips' emotion, psychological and physical problems have been compounded by her very limited economic resources and by the lack of a consistent social support system. Ms. Phillips' relationship with her own mother has been so unhealthy for here that it has been a source of problems rather than a support for dealing with problems. Ms. Phillips has had a number of relationships with men. Unfortunately, those relationships did not prove to be the positive, stable, supportive relationships she had believed they would be when she entered into them.

Ms. Phillips has for a variety of reasons had difficulty following through with the requirements of the plan of care in a consistent manner. She would periodically make progress in the area of household cleanliness, personal hygiene and household safety, but she has had difficulty sustaining this progress and would slide back. Follow through on parenting classes and counseling has also been inconsistent. Despite the fact that she has long acknowledged the unhealthy nature of her relationship with her mother, Ms. Phillips continued to live with her mother. Ms. Phillips at a previous hearing lied to the Court saying that she had separated from her mother when she had not. She has since established a household separate and apart from her mother.

The Court therefore appreciates the progress that Ms. Phillips has made in recent months - the fact that she has moved into a better living situation, that she has become less dependent on others by learning how to use the bus system, and that she took action to terminate a relationship with a boyfriend who had become abusive, and that she now has a boyfriend with whom she is hopeful she will be in a committed and positive relationship.

. . .

The critical question in this case is whether Ms. Phillips has made enough progress toward alleviating the conditions that have prevented her from being able to provide a safe and nurturing home for her children such that reunification with her children could safely occur in the foreseeable future.

It is with great sadness and regret that the Court must conclude that Ms. Phillips simply has not made sufficient progress, despite her

efforts and the considerable efforts of the Department of Children's Services to assist her.

Ms. Phillips' testimony regarding her present situation - the stable and supportive relationship which she believes she enjoys with her present boyfriend - is reminiscent of previous testimony regarding other relationships that Ms. Phillips believed were going to be good for her and the children but which later turned out not to be positive.

Ms. Phillips testimony regarding her recent move to a home which she believes is safe and sanitary has to be weighed in the context of the past year that has seen continuing problems with household cleanliness despite periodic but unsustained improvements.

Ms. Phillips' testimony of her recent commitment to pursue counseling must again be measured against the past year of lack of follow through. This lack of follow through is especially concerning because Ms. Phillips was aware of the critical importance of making progress on the Plan of Care, given the Court's previous action terminating parental rights of her other two children.

. . .

The Court does appreciate the special problems and obstacles confronting Ms. Phillips that have made progress so inconsistent and slow. But, when progress has been so slow and halting, the law requires that the Court consider whether the progress is occurring at a pace that would allow return of custody in the foreseeable future. Unfortunately, the proof in this case is clear and convincing that sufficient progress has not been made to alleviate those conditions that led to the neglect of the children and that there is little likelihood for progress to be made on the order that it would need to to allow return of the children to Ms. Phillips in the foreseeable future. The state has established grounds for termination of Ms. Phillips' parental rights based on persistence of conditions.

The state's proof also establishes that it is in the children's best interest for Ms. Phillips' parental rights to be terminated. They need to move toward permanency which can only reasonably be assured through termination of parental rights and adoption.

The mother's first issue is that the Trial Court erred in finding clear and convincing evidence that the persistence of conditions which led to the removal of the children from her would continue with little likelihood of early remediation. The mother's argument essentially concedes that the conditions which led to the removal existed, but that she has changed and is and will in the future maintain a home with good conditions for the children in accordance with the plan. But the Trial Court

3

found, in accordance with the statute, that there is little likelihood that these conditions will be remedied at an early date so that the children could be safely returned to Ms. Phillips. *See* T.C.A. §36-1-113(g)(3)(a)(ii). The State, in response to this contention, asserts that Ms. Phillips had failed over two years to remedy the conditions in her life that prevented the children's return, and that evidence had established her home remained unfit for the children by reason of filth and pest infestation, until at least March of 1998. The State also stresses Ms. Phillips' persistent relationships with people who presented actual and threatening dangers to the children. While Ms. Phillips had made some progress in the three months immediately preceding the hearing, as the Trial Judge acknowledges, there is clear and convincing evidence that the conditions in the home leading to the children's removal will continue. Accordingly, we affirm the judgment of the Trial Court, finding that it is not in the best interest of the children to remain in the home environment.

The statute requires that after a Court has determined grounds to terminate parental rights, it must also find by clear and convincing evidence that the termination is in the child's best interest. T.C.A. §36-1-113(c). We also conclude there is clear and convincing evidence that termination is in the children's best interest.

On appeal, Ms. Phillips confronts the best interest issue only as to one child, Lori. The record reveals that at trial Ms. Phillips proposed, as an alternative, that the Court terminate her rights to Kelly and Lula, but allow her to rear Lori. In response to this appeal, the Trial Judge said:

> Lori has considerable special needs. Ms. Phillips has not shown the ability to meet the very basic requirements of providing a safe, healthy household for children, let alone provide the very skills and care that Lori will require to overcome the special difficulties she is experiencing.

The record establishes by clear and convincing evidence that Lori is developmentally and behaviorally the neediest of the children, and that Ms. Phillips would be unable to

4

handle the task of attending to Lori's special needs.

Accordingly, we affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.